**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEAN FRANCIS,

        Appellant,

      v.

DEPARTMENT OF LABOR,

        Agency.

DOCKET NUMBER
DC-0752-14-0763-I-1

DATE: March 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kellee B. Kruse, Esquire, and R. Scott Oswald, Esquire, Washington, D.C.,
    for the appellant.

Beth Heleman, Esquire, and David Edeli, Esquire, Washington, D.C., for
    the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  5 C.F.R. § 1201.113(b).  Except as expressly MODIFIED by this Final Order to incorporate the standards set out in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), for affirmative defenses of equal employment opportunity (EEO) reprisal and discrimination, we AFFIRM the initial decision.

¶2    The agency removed the appellant from the GS-15 position of Lead Budget Analyst based on two charges:  (1) excessive use of Government equipment for personal, unofficial purposes;[2] and (2) improper use of official work hours for personal, unofficial purposes.  Initial Appeal File (IAF), Tab 4 at 16, Tab 5 at 113.  The agency specified that, from March through December 2013, on multiple occasions during 15 pay periods, the appellant created, worked on, or otherwise accessed files on the American Public University System (APUS) website using her Government-owned computer during Government work time with the purpose of preparing to teach and then teaching several online APUS courses for pay.  *Id*.

¶3    The appellant appealed the agency's action, denying the misconduct and alleging that it constituted discrimination on the bases of race, religion, and national origin, and retaliation for filing an EEO complaint.  IAF, Tabs 1, 16. Based on the record, including the testimony at the hearing, the administrative

---

[2] The notice states that there are 18 specifications.  Initial Appeal File (IAF), Tab 5 at 113.  However, there are actually 15 specifications.  The proposing official explained that this error resulted from a lack of editing.  *See* Hearing Transcript at 218.

judge found that the agency proved the charged misconduct by preponderant evidence. IAF, Tab 36, Initial Decision (ID).

¶4 The administrative judge found that the agency submitted a report of website tracking of the appellant's computer use, compiled by the agency's information technology department, proving that, between March and July 2013, over 90 hours of her time was spent on APUS websites. ID at 5. He also found that the agency proved that on the appellant's computer was an offer of employment as an Adjunct Faculty member with APUS dated April 17, 2013, and that the vast majority of documents saved on the appellant's computer through December 2013 were nonwork related, but rather were classwork assignments, grading of assignments, students' names, and similar information, showing that the appellant engaged in a for-profit business of teaching classes and correcting student assignments. ID at 5-6. Thus, the administrative judge found that the agency proved charge 1.

¶5 The administrative judge also found that the agency proved that the appellant's time on the APUS website and creating the documents related to teaching courses for APUS was not limited to lunch time or nonwork hours, but included anytime from morning, mid-morning to mid-afternoon when the appellant should have been working on official business. ID at 6. Thus, he found that the agency proved charge 2. The administrative judge further found that the appellant's testimony that she accessed the APUS website to advance her official duties was not credible. ID at 9.

¶6 The administrative judge also found that the appellant failed to prove her affirmative defenses. ID at 13-20. He found that the appellant failed to identify any similarly situated employees who were not in her protected class who were treated better than she was. ID at 13. He found that she failed to identify any other employee regardless of his or her protected class who had been allowed to use Government equipment for outside employment or commercial activities, or to engage in for-profit activity during their official duty time without discipline.

ID at 14-15. The administrative judge found, moreover, that the appellant failed to show that the agency's action was taken in retaliation for protected EEO activity. ID at 15-20. He found that the appellant's supervisor had been involved in settling the appellant's earlier-filed EEO complaint in the fall of 2012. ID at 19. However, the administrative judge found that the appellant's supervisor testified credibly that he did not initiate the assessment of the appellant's use of her computer, and the computer-use investigation was done by employees who did not know the appellant or know of her EEO complaint. ID at 19-20. Thus, the administrative judge found that the appellant failed to show that the investigation into her computer use was based on any impermissible considerations or motives. *Id.*

¶7    Finally, the administrative judge found that the penalty of removal was within the bounds of reasonableness for the sustained misconduct. ID at 20-22. He found that the agency properly considered the *Douglas* factors, including that the appellant had no prior discipline and 24 years of service. However, he found that these factors were outweighed by the following: that the appellant had received the annual training on ethics and computer security that included specific notice that there is no for-profit use of Government computers; her misconduct was repeated over a number of months and was not an inadvertent mistake; and the appellant demonstrated an inability or unwillingness to recognize that she had done anything wrong. ID at 21-22.

¶8    In her petition for review, the appellant asserts that the administrative judge made a number of errors that disallowed her to prove her affirmative defenses. However, as explained below, we find that the administrative judge properly determined that the appellant failed to prove her affirmative defenses of discrimination and retaliation for engaging in EEO activity.[3]

---

[3] The administrative judge referenced the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), in analyzing the appellant's discrimination claim. ID at 16. After this initial decision was issued, the Board issued

¶9    The appellant asserts that the administrative judge abused his discretion by disallowing discovery regarding her affirmative defenses. When the appellant initially filed her appeal, she was represented by counsel. IAF, Tab 1. In that appeal, she alleged the affirmative defense of retaliation for filing an EEO complaint. After appeal proceedings had been ongoing for 6 months, counsel withdrew, and the appellant designated new counsel. IAF, Tabs 13-14. New counsel moved for leave to file an amended appeal with additional affirmative defenses, and for leave to begin discovery. IAF, Tab 16. The administrative judge granted the appellant's motion to add additional affirmative defenses; however, he denied her motion to begin discovery because the time to initiate discovery had long passed. IAF, Tab 19.

¶10    Under 5 C.F.R. § 1201.41(b)(4), an administrative judge has broad discretion in ruling on discovery matters and, absent a showing of abuse of discretion, the Board will not find reversible error in such rulings. *See, e.g.*,

*Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 46 (2015), in which it determined that that framework has no application to our proceedings. Rather, the Board in *Savage* reaffirmed that it will adhere to the test set forth in *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977), in cases involving discrimination or retaliation allegations under 42 U.S.C. § 2000e–16. *Savage*, 122 M.S.P.R. 612, ¶ 50. Specifically, where an appellant asserts such an affirmative defense, the Board first will inquire whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. In making her initial showing, an appellant may rely on direct evidence or any of the three types of circumstantial evidence described in *Troupe v. May Department Stores Company*, 20 F.3d 734, 736–37 (7th Cir. 1994) (holding that evidence of suspicious timing, ambiguous oral or written statements, behavior toward or comments directed at other employees in the protected group, and other bits and pieces from which an inference of discriminatory intent might be drawn, comparator evidence, and evidence that the agency's stated reason for its action is a pretext for discrimination). If the appellant meets that burden, the Board then will inquire whether the agency has shown by preponderant evidence that the action was not based on the prohibited personnel practice, i.e, that it still would have taken the contested action in the absence of the discriminatory motive, and, if the Board finds that the agency has made that showing, its violation of 42 U.S.C. § 2000e–16 will not require reversal of the action. *Savage*, 122 M.S.P.R. 612, ¶ 51. Application of *Savage* to the facts of this case similarly results in a finding that the appellant failed to establish her claims of discrimination.

*Tinsley v. Office of Personnel Management*, 34 M.S.P.R. 70, 73-74 (1987). The appellant was represented by counsel at the point in proceedings when discovery should have been initiated. In the acknowledgment order, the administrative judge informed the appellant that discovery must be initiated within 30 days of the date that she filed her appeal, IAF, Tab 2, but no timely discovery was initiated. The appellant's first request to initiate discovery was made by new counsel more than 6 months after she filed her appeal, and thus, was untimely. IAF, Tabs 1, 16. A delay caused by an appellant's obtaining new legal counsel is not good cause for an untimely filing of discovery. *See Murray v. Department of the Army*, 48 M.S.P.R. 338, 340, *aff'd*, 951 F.2d 1267 (Fed. Cir. 1991) (Table).

¶11    Moreover, we find the fact that the appellant amended her appeal to include additional affirmative defenses does not provide good cause for filing the untimely request to initiate discovery. The appellant was aware of the additional affirmative defenses raised by her new counsel prior to filing her appeal. In her written response to the notice of proposed removal, the appellant contended that the agency's action was based on "documented historical and recent discrimination against her on the basis of religion, race, national origin, sex, and retaliation." IAF, Tab 4 at 34. The appellant could have raised all of these affirmative defenses in her original appeal, and could have timely initiated discovery regarding them. She did not show that the information that she sought through her delayed discovery request could not have been timely discovered. *See Murray*, 48 M.S.P.R. at 340. The appellant, therefore, failed to show that the administrative judge's ruling regarding discovery constituted an abuse of discretion.

¶12    The appellant also contends that the administrative judge abused his discretion when he summarily denied her witness request for her previous supervisor during a detail to the Department of Justice (DOJ) from 2012 to 2013. IAF, Tab 24 at 14. The appellant indicated that her supervisor would testify about her performance and accomplishments while at DOJ, and the reasons why

the appellant requested the detail. *Id*. The administrative judge did not approve this request, finding that this testimony was not relevant to the approved issues of whether the appellant engaged in the charged misconduct and whether the agency's action was the result of discrimination or retaliation for protected EEO activity. IAF, Tab 33.

¶13    An administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8) and (10) to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). Based on our review of the record, we discern no abuse of discretion in the administrative judge's exclusion of the requested witness. The requested witness supervised the appellant on a detail that occurred prior to the occurrence of the charged misconduct, and the proffered substance of his testimony concerned her performance on detail, which was not an issue before the Board, or concerned issues such as the reason for the detail that were within the appellant's knowledge and to which she could have testified. The appellant failed to show that this individual could provide relevant or material testimony about the agency's charges and specifications, or her affirmative defenses.

¶14    The appellant further contends that the administrative judge erroneously disallowed her attempts to introduce evidence of comparator employees who the appellant alleges engaged in similar misconduct but were not removed. To prevail on her discrimination claims based on evidence that comparators were treated less harshly, "all relevant aspects of the appellant's employment situation must be 'nearly identical' to that of the comparator employee." *Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012). To be considered "similarly situated," a comparator "must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances."

*Id*.  The appellant bears the burden of proving discrimination.  5 U.S.C. § 7701(c)(2)(B).

¶15    As previously stated, an administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony she believes would be irrelevant, immaterial, or unduly repetitious, including when an appellant is attempting to introduce evidence of comparators through the testimony of hearing witnesses.  *See Guerrero v. Department of Veterans Affairs*, 105 M.S.P.R. 617, ¶ 20 (2007); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000).  The Board has said that, to "obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed."  *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005).

¶16    The appellant asserts that the administrative judge disallowed her to cross-examine the official who conducted the assessment of her computer use about comparators.  The appellant's counsel attempted to cross-examine this witness about whether his office had been asked to conduct inquiries into similar misuse of computer equipment.  Hearing Transcript (HT) at 83.  The administrative judge ruled that it was not helpful to know about investigations that were conducted.  HT at 87.  Consistent with *Ly*, 118 M.S.P.R. 481, ¶ 10, he stated that he needed to know about whether the officials who took action against the appellant knew about investigations of misuse similar to the appellant's, what they did, and whether there is a distinction between those other circumstances and that of the appellant.  HT at 83.  Thus, he stated that he would wait to determine whether further cross-examination of the official who conducted the assessment was necessary until after he heard the testimony of the proposing and deciding officials, and he asked the agency representative to keep the witness available to return and rebut testimony, if needed.  HT at 88.  The administrative judge found

that it was unnecessary to recall this witness after the proposing and deciding officials had testified. The appellant has not shown that further cross-examination of the witness who conducted the assessment, or further testimony by her would have led to evidence of any other employee with the same supervisor who engaged in similar misconduct. We find that the administrative judge did not abuse his discretion in limiting the appellant's cross-examination of the witness who conducted the assessment of the appellant's computer use as to his knowledge about comparators.

¶17     Next, the appellant argues that the administrative judge erred in not allowing her to testify about her observation of the proposing official's alleged misuse of his Government computer to follow the college basketball tournament known as "March Madness." The administrative judge disallowed the appellant's testimony stating that she had had the opportunity to cross-examine the proposing official on this point and failed to do so. HT at 373. He also stated that her observations did not show a comparator. HT at 374. We agree. There are significant differentiating circumstances between the appellant's misconduct and the alleged conduct of her supervisor. *See Ly*, 118 M.S.P.R. 481 ¶ 10. There is no suggestion that the appellant's supervisor's following the basketball tournament was a for-profit business conducted over many months as was the appellant's misconduct. Thus, the appellant failed to show that the administrative judge disallowed her from giving any relevant testimony, and she has not shown that the administrative judge abused his discretion to limiting her testimony about alleged comparator employees.

¶18     The appellant also asserts that the administrative judge abused his discretion in disallowing her from examining witnesses to show that her supervisor initiated the computer assessment in retaliation for her EEO activity. It appears that the appellant was trying to establish that the assessment was initiated because of her alleged poor performance and that her performance was not poor, thus allowing the inference that the assessment was initiated in

retaliation for her protected activity. PFR File, Tab 3 at 17. Contrary to the appellant's assertion, the administrative judge allowed the appellant to cross-examine her supervisor extensively about her performance and why she was rated minimally satisfactory. HT at 185-222.

¶19 The appellant received a minimally satisfactory performance appraisal in 2013. Her supervisor explained that the work that the appellant had done on a training program that he had assigned her was helpful, but that it was not what he had requested. HT at 189, 193. He told the appellant in June 2013 that she had not provided him with the training program that he had requested and because she had not provided what he requested by the end of the appraisal year, he rated her minimally satisfactory. HT at 194, 196. The supervisor noted that, notwithstanding that the appellant failed to provide the training program that he requested, she continued to appear to be busy at her computer. HT at 215. He also observed that she was disengaged from what the office was doing, and so in October 2013, he explored the possibility of having her transferred to a different activity where she might "refresh her outlook and her view." HT at 134-36. The official with whom he discussed the possibility of a transfer suggested that the agency determine what caused the appellant to be busy at the computer. HT at 136.[4]

¶20 Based on the record, the administrative judge properly found that the appellant's supervisor notified the appellant as early as June 2013 that the training program she developed was inadequate because it did not reflect what she had been assigned to complete. Thus, his observations of the less-than-satisfactory performance predated the initiation of the computer

---

[4] Coincidentally, the result of the computer assessment was given to the appellant's supervisor in December 2013, HT at 216, and he completed the appellant's minimally satisfactory appraisal in December 2013, IAF, Tab 4 at 127. However, as noted, the appellant had been made aware that she was not performing up to expectations long before the appraisal, and the computer assessment had been initiated months before her supervisor was made aware of its results.

assessment, and the appellant failed to show that her alleged poor performance was a ruse to initiate the assessment. Further, the administrative judge credited the appellant's supervisor that he did not initiate the idea of the computer assessment. Another agency official did. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). The appellant has failed to show by preponderant evidence that a prohibited consideration was a motivating factor in the contested personnel action. *See Savage*, 122 M.S.P.R. 612, ¶ 46.

¶21    As noted, the appellant's petition for review alleges that the administrative judge erred in adjudicating her affirmative defenses of discrimination and retaliation for protected activity. However, to the extent that she is arguing that the administrative judge erred in determining that the agency proved the charged misconduct, we discern no reason to disturb the administrative judge's well-reasoned findings that the agency proved the charged misconduct. We find that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987); *see also Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997). Based on the foregoing, we sustain the appellant's removal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).   If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to

representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.