## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STACEY C. DUNCAN,
                    Appellant,

                              v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
SF-0842-15-0458-B-1

DATE: April 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alan V. Edmunds</u>, Esquire, and <u>Ryan C. Nerney</u>, Esquire, Encinitas,
     California, for the appellant.

<u>Mary Ann Comes</u>, San Clemente, California, for the appellant.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the remand initial decision, which affirmed the decision of the Office of Personnel Management (OPM).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant sent OPM a request for correction under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA)[2] seeking to have her temporary service with the Federal Deposit Insurance Corporation (FDIC) from 1987 to 1995 made creditable under the Federal Employees' Retirement System (FERS). OPM responded by letter dated March 4, 2015, stating that such service was not creditable. The appellant filed an appeal, and OPM responded by filing a motion to dismiss for lack of jurisdiction. *Duncan v. Office of Personnel Management*, MSPB Docket No. SF-0842-15-0458-I-1, Initial Appeal File (IAF), Tabs 1, 4. The administrative judge granted OPM's motion, finding that the appellant did not provide any evidence that OPM had issued a final decision on

---

[2] FERCCA addresses the problems created when employees are in the wrong retirement plan for an extended period. *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012); 5 C.F.R. § 839.101(a). An employee may seek relief under FERCCA from OPM. *See Archer v. Office of Personnel Management*, 120 M.S.P.R. 68, ¶ 6 (2013).

her request, and thus that the Board lacks jurisdiction over her appeal. IAF, Tab 8, Initial Decision.

¶3      The Board granted the appellant's petition for review, found that OPM's March 4, 2015 letter was tantamount to an appealable reconsideration decision that affects the appellant's rights or interests under FERS, and concluded that the Board had jurisdiction to adjudicate the appellant's appeal. The Board remanded the appeal for adjudication on the merits. *Duncan v. Office of Personnel Management*, MSPB Docket No. SF-0842-15-0458-1-1, Remand Order (Sept. 1, 2015).

¶4      On remand, the administrative judge noted that the appellant's service prior to January 1, 1989, had been credited under FERS. Remand File (RF), Tab 18, Remand Initial Decision (RID) at 3. He found, however, that the applicable laws and regulations do not provide for deposits into FERS to obtain credit for service as a temporary employee performed on or after January 1, 1989. RID at 4. He found that these laws and regulations only permit an employee serving under a temporary appointment to make a deposit to obtain credit for Federal civilian service performed before January 1, 1989. *Id.* at 4. Thus, he agreed with OPM that the appellant's service with FDIC as a temporary employee from 1989 to 1995 was not creditable under FERS. RID at 5.

¶5      In her petition for review, the appellant asserts that the administrative judge limited her testimony and did not allow her to submit some hearing exhibits. An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony and evidence that he believes would be irrelevant, immaterial, or unduly repetitious. *Guerrero v. Department of Veterans Affairs*, 105 M.S.P.R. 617, ¶ 20 (2007); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000). The Board has found that, to "obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding testimony and evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed."

*Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005).  The appellant has failed to show that the administrative judge disallowed any relevant testimony.  The appellant also has not explained how any disallowed exhibits would have affected the result reached in this appeal.  Thus, we find that the appellant has not established that the administrative judge abused his broad discretion in limiting testimony and excluding this evidence.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

¶6        Additionally, the appellant asserts that she was blocked by the FDIC from submitting her deposit for the time period from January 1, 1989 to May 13, 1995, in violation of the Order of the Special Congressional Order for special group conversion to FERS eligibility for former liquidation grade employees,[3] such as she.

¶7        An individual is not eligible to make a deposit for FERS retirement unless she is an "employee" or "former employee"; that the term "employee" is defined, for this purpose, as an individual whose employment is covered by FERS, i.e., as one who meets the definition of "employee" in 5 U.S.C. § 8401(11); and that, under 5 U.S.C. § 8401(11)(C)(ii), 5 U.S.C. § 8402(c)(1), and 5 C.F.R. § 842.105(a), individuals holding temporary or intermittent appointments such as those held by the appellant are excluded from that definition.

¶8        We discern no error in OPM's position that the service for which the appellant seeks to obtain credit does not qualify as FERS-covered service by an "employee," as that term is defined in 5 U.S.C. § 8401(11).  *See* 5 U.S.C. § 8401(11) (excluding, from the definition of "employee," "any individual

---

[3] The FDIC hired thousands of temporary employees during the 1980s known as liquidation grade (or LG) employees.  Their duties included managing and liquidating the assets of failed banks and savings and loans.  These employees were excluded from any credit for retirement under the Federal system.  They served on continuous 1-year appointments under authority granted to FDIC in 1938 with many individuals, such as the appellant, serving longer than 5 years.  RF, Tab 5 at 10.

excluded under section 8402(c) of" title 5); 5 U.S.C. § 8402(c)(1) (authorizing OPM to exclude "from the operation of" FERS certain categories of individuals serving under temporary or intermittent appointments); 5 C.F.R. § 842.105(a) (generally excluding from FERS coverage individuals serving in intermittent or temporary appointments).  The appellant presented no evidence in support of her assertion that FDIC was in violation of a Special Committee, or that such alleged violation might preclude OPM from denying her credit under FERS for her service from January 1, 1989 through January 22, 1995. [4]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

---

[4] The dates used by the appellant and OPM as those for which she was denied FERS coverage differ.  The appellant alleges that she was denied coverage for the time period from January 1, 1989 to May 13, 1995.  Remand Petition for Review File, Tab 1.  OPM states that it denied her coverage from January 1, 1989 through January 22, 1995.  RF, Tab 5 at 4.  We need not resolve the parties' discrepancy in dates to adjudicate this appeal.

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____

                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.