William BEGLEY, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 95–3047.

United States Court of Appeals,
Federal Circuit.

July 19, 1995.

John P. Mahoney, Passman & Kaplan, P.C., Washington, DC, argued, for petitioner.

Virginia K. DeMarchi, Dept. of Justice, Washington, DC, argued, for respondent. Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Sharon Y. Eubanks, Asst. Director and Dean L. Grayson, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, were on the brief for the respondent. Also on the brief was Earl A. Sanders, Office of Gen. Counsel, Office of Personnel Management, of counsel.

Before MICHEL, SCHALL, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

In this federal retirement benefits case, the Office of Personnel Management (OPM) denied an employee's application for inclusion in the Civil Service Retirement System (CSRS). OPM concluded that the applicant was not entitled to participate in the CSRS because he did not have the statutorily required five years of creditable federal civilian service prior to the statutory cutoff date of December 31, 1986. We hold that OPM was correct in finding the applicant ineligible for the CSRS; we therefore affirm the ruling of the Merit Systems Protection Board (MSPB), Docket No. PH–0831–94–0164–I–1, upholding OPM's decision.

I

Appellant William Begley is a civilian employee of the Department of the Navy. He has worked for the federal government in several positions since 1977. At the time of

his first permanent federal employment in 1983, Begley was placed in the CSRS. After making payments into the CSRS for more than six years, Begley was informed that his placement in the CSRS had been an error and that he should have been placed in the Federal Employees Retirement System (FERS). Begley's protest of that action was unsuccessful, and he was transferred from the CSRS to the FERS.

Begley appealed the transfer decision to OPM, which upheld the decision. OPM found that Begley had not completed five years of creditable civilian service as of December 31, 1986, and that pursuant to statute he therefore should have been transferred to the FERS as of January 1, 1987. According to OPM, Begley had only four years, 11 months, and 23 days of creditable service prior to the end of 1986, seven days less than the minimum necessary for him to qualify for inclusion in the CSRS.

Begley appealed to the MSPB, seeking review of OPM's determination. His challenge was based entirely on disagreement with the method used by OPM to calculate federal service. The MSPB held that OPM's method of calculating creditable service was "orderly and consistent," and was not clearly at odds with the governing statute. The MSPB therefore upheld OPM's ruling that Begley is not entitled to coverage under the CSRS because he did not meet the five-year creditable service requirement prior to January 1, 1987.

## II

The facts of this case are not in dispute. Begley has two pertinent periods of federal employment: July 13, 1977, through October 10, 1977; and April 6, 1982, through December 31, 1986. In order for Begley to qualify for inclusion in the CSRS, those two periods must total five years of service. The parties are in agreement that Begley has four full years of service, based on his federal service during 1983, 1984, 1985, and 1986. The question presented by this case is whether the combined total of Begley's periods of service in 1977 and 1982 constituted the fifth year of creditable service necessary to render him eligible for inclusion in the CSRS.

The governing statute does not make the task of calculation easy. Section 8332(a) of Title 5 of the United States Code provides:

> The total service of an employee ... is the full years and twelfth parts thereof, excluding from the aggregate the fractional part of a month, if any.

The statute does not define the term "twelfth parts," nor does it make clear the relationship between the statutory terms "twelfth part[ ]" of a year and "a month." Moreover, although the reference to "twelfth parts" has been part of the calculation statute since 1956, see Civil Service Retirement Act Amendments of 1956, ch. 804, § 3(e), 70 Stat. 736, 746, there has been no case law construing the provision, and the legislative history is entirely unenlightening.

The problem with the statutory calculation scheme arises when separate periods of service are added together. The term "twelfth part" could be interpreted to mean "calendar month," in which case the statute would give no credit for any period of service consisting of a portion of a month. That method of calculation would disfavor employees generally, as it would mean that all periods of less than a full calendar month of service at the beginning or ending of a period of federal service would be disregarded. Under that regime, Begley would fall far short of qualifying for a fifth year of federal service credit, as he had only two complete months of service in 1977 and only eight complete months of service in 1982. That method of calculation does not commend itself as a matter of statutory construction, however, because if Congress intended service credit to be counted by complete months of service, it is hard to fathom why Congress described the service requirement as consisting of "years and twelfth parts," rather than simply "years and months." The term "twelfth parts" suggests parts of equal size, and calendar months vary between 28 and 31 days.

Another possible construction of the statutory language would call for dividing a year (which consists of approximately 365.25 days) into 12 equal parts of 30.44 days each and to give "twelfth part" credit to employees who worked any multiple of 30.44 days. But that

method of calculation would disregard the reference in the statute to a "fractional part of a month," an indication in the statutory text that the calculation of service credit was not meant to disregard calendar months of service altogether.

A third possible method of calculation would be simply to give a year's service credit to any employee with a combined total of 365 days' service. That method, however, would disregard the "twelfth parts" and "month" language of the statute altogether, and it would present difficulties in dealing with leap years.

OPM has devised its own formula in an effort to give effect to the language of section 8332(a) as it applies to the combination of periods of service of less than a year. Under that formula, OPM considers a year to have 360 days and each month to have 30 days. In order to achieve uniformity among the months, OPM gives 30 days' credit for each full calendar month that an employee works, regardless of the actual number of days contained in the particular months worked. *See* Federal Personnel Manual Supplement 830–1, § 50A2.1–3(B).

█ The compromise that OPM has adopted is not a perfect solution to the puzzle presented by the statutory text. But where, as here, "Congress has not directly addressed the precise question at issue," the question for the court is "whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). In such a case, we are instructed to accord "great deference to the interpretation given the statute by the officers or agency charged with its administration." *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965). If the agency applies its statutory mandate "in some reasonable manner, this court must sustain the agency interpretation if it is not in variance with the plain meaning of the statute." *Rosete v. Office of Personnel Management,* 48 F.3d 514, 517 (Fed.Cir.1995).

█ OPM's method of dividing the year into 12 months of 30 days each, although somewhat contrived, is a reasonable way of accommodating the statutory references to "twelfth parts" and "months." In light of the absence of any simpler or more natural construction of the statutory language, we uphold OPM's method of calculating creditable service.

To be sure, it is conceivable that under OPM's method of calculation a person who had worked a total of more than five calendar years (as measured by days of service) would not be given five years of service credit. For example, a person who worked from July 2 through December 31 of two separate years would have worked 366 days—one day more than a full year, as counted by days—but would fall two days short of completing a 360–day year under OPM's method of calculating creditable service. Such a case, however, would be exceedingly rare. Indeed, Begley is not in that position, as he worked a total of only four years and 360 days, which is five days less than five full calendar years (measured by days of service).

Begley argues that he is entitled to credit for a fifth year of service, because his total of 90 days' service in 1977 and 270 days' service in 1982 adds up to 360 days' service, which is equal to a full year under OPM's method of calculating service credit. To make that argument, however, Begley adopts the part of the OPM calculation scheme that he likes (the 360–day year) and rejects the part he does not like (the 30 days' credit per month worked). That eclectic approach cannot be squared with any coherent construction of section 8332(a).

### III

OPM's system of calculating service credit is a reasonable way of reconciling difficult statutory language. The agency's construction of the statute therefore must be upheld and Begley's request for CSRS coverage denied.

*AFFIRMED.*