NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3445

LAWRENCE S. JEZOUIT,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  February 17, 2005

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Lawrence S. Jezouit filed an appeal with the Merit Systems Protection Board ("Board") challenging the Office of Personnel Management's ("OPM's") computation of his retirement annuity.  After an administrative judge (AJ) sustained OPM's reconsideration decision,[1] the full Board reopened the appeal and affirmed the AJ's initial decision with modifications.[2]  Jezouit petitions for review of that final decision, which we affirm.

---

[1]  Jezouit v. Office of Pers. Mgmt., Docket No. BN-0831-02-0194-I-1 (M.S.P.B. Jan. 16, 2003).
[2]  Jezouit v. Office of Pers. Mgmt., 97 M.S.P.R. 48 (2004).

DISCUSSION

The governing statute for determining creditable service for retirement annuity purposes provides that "the total service of an employee . . . is the full years and twelfth parts thereof, excluding from the aggregate the fractional part of a month, if any." 5 U.S.C. § 8332(a) (2000). To implement the statute, which does not define "full year" or "twelfth part," OPM has devised a methodology that adjusts the number of days in a month when calculating the length of service on which the retiree's annuity will be based. See CSRS and FERS Handbook for Personnel and Payroll Offices §§ 50A2.1-2 & 50A2.1-3 (Apr. 1998) ("Handbook"). Section 50A2.1-3.B of the Handbook states that "[f]or retirement computation purposes, all months have 30 days" and "a year consists of 360 days (12 x 30 days)." It is apparent from the examples provided in the Handbook that OPM's use of a 30-day month and 360-day year is simply a mechanism to account for partial months and years when determining lengths of service periods and when combining multiple periods of service.

The facts of this case are not in dispute. Using the methodology in Chapter 50 of the Handbook, OPM computed the amount of creditable service to be used as the basis for Jezouit's retirement annuity. By aggregating three periods of service—Jezouit's military service, his continuous period of civilian service, and a period representing his unused sick leave—OPM computed Jezouit's total creditable service as 40 years and 8 months. Jezouit claims he is entitled instead to an annuity based on 41 years and 3 months of creditable service. He obtains this result by adding up the number of days of service plus the days of unused sick leave and dividing by 360, a process he argues is required by the Handbook's statement that a year consists of 360 days.

04-3445                                                  2

To the extent Jezouit challenges OPM's methodology as an incorrect interpretation of the statute, we are not persuaded. This court has previously upheld OPM's methodology as a reasonable interpretation of § 8332(a). See Begley v. Office of Pers. Mgmt., 60 F.3d 804, 806 (Fed. Cir. 1995). As Jezouit points out, Begley addresses the methodology set forth in an earlier OPM publication, but the relevant provision—use of the 30-day month and 360-day year—is the same as in the current Handbook. Begley is controlling precedent on that issue.

In what appears to be his main argument, Jezouit alleges that OPM does not properly apply its own methodology. Jezouit essentially argues that the application of OPM's process is internally inconsistent because, while the Handbook states that a year consists of 360 days, application of the procedure in the Handbook results in one year's service credit for every 365 or 366 days of service. The fallacy in Jezouit's argument is that the 360-day year on which he relies operates only in conjunction with the 30-day month adopted by OPM. Jezouit cannot selectively use the 360-day year without the corresponding assumption that each month has thirty days. See id. For purposes of determining length of service, a full calendar year is considered to have only 360 days, but that is not equivalent to Jezouit's assertion that every 360-day period constitutes a year.

Jezouit additionally contends that the Board erred when it stated the 360-day year does not apply to him because he had more than a year of continuous service. In a sense he is correct, but this argument does not help his cause. The 30-day month and 360-day year apply when determining lengths of service periods and when combining multiple periods of service, but their effect is seen only when partial years are

at issue. In Jezouit's case, OPM used its 30-day month/360-day year rule when it determined the length of his civilian service, which included thirty-four complete years plus a partial year, and when it combined his service periods to compute total creditable service. Therefore, although the 360-day year does apply to Jezouit, it does not apply in the way he claims, i.e., to give him one year of retirement credit for every 360 days of service.

Jezouit further argues that he should receive one year of credit for every 360 days of accumulated sick leave. As explained in Chapter 50 of the Handbook, OPM converts hours of unused sick leave to years, months, and days, and treats the result as any other period of service that is combined with other periods to obtain total creditable service. Therefore, for the reasons already discussed, there is no merit to Jezouit's assertion that OPM did not give him proper credit for his unused sick leave.

We also reject Jezouit's contention that OPM erred by not using a 360-day year when computing his high-3 average pay. As the Board noted, it appears that Jezouit's proposed method would result in a lower average pay than that calculated by OPM. In any event, there is no mention of a 360-day year in either the relevant statute, 5 U.S.C. § 8331(4) (2000), or the relevant section of the Handbook, § 50A2.1-4.

Finally, Jezouit complains that the AJ failed to notify him beforehand that a status conference would also serve as the hearing in his case, and therefore he was denied discovery and an evidentiary hearing. Ordinarily, a petitioner is entitled to a hearing on the merits of his case before the Board. 5 U.S.C. § 7701(a)(1) (2000). The Board found that any abuse of discretion by the AJ in not giving Jezouit advance notice of the hearing was not prejudicial because the AJ decided only legal issues and therefore the

AJ was not required to hold an evidentiary hearing.  Under the circumstances presented by this case, we find no reason to disagree with the Board.  The case involves no factual dispute that discovery or an evidentiary hearing would resolve, and Jezouit has not explained how the AJ's alleged failure to allow discovery and order an evidentiary hearing has prejudiced him.

For the reasons discussed, we affirm the Board's decision because it was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or unsupported by substantial evidence.  See 5 U.S.C. § 7703(c) (2000).