NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM W. HULVEY,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3065

---

Petition for review of the Merit Systems Protection Board in Case No. PH0831100249-I-1.

---

Decided: June 13, 2011

---

WILLIAM W. HULVEY, Morgantown, West Virginia, pro se.

MELISSA M. DEVINE, Trial Attorney, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before RADER, *Chief Judge*, and LOURIE and BRYSON, *Circuit Judges*.

PER CURIAM.

William W. Hulvey appeals from the decision of the Merit Systems Protection Board (the "Board") affirming that Hulvey's Civil Service Retirement System ("CSRS") annuity had been correctly computed by the Office of Personnel Management ("OPM"). Because OPM did not miscalculate Hulvey's annuity, and because OPM's method of calculation is a reasonable interpretation of § 8332, we *affirm*.

## BACKGROUND

The facts of this case are undisputed. Petitioner William Hulvey is a CSRS annuitant who retired effective May 5, 2005. Hulvey had two pertinent periods of federal employment: military service from October 22, 1970, through February 26, 1971; and civilian service from April 14, 1974, through September 6, 2006.[1] Hulvey also had 1,567 hours of accumulated unused sick leave.

OPM computed Hulvey's total service to be 33 years, 5 months, and 29 days (*i.e.*, 4 months and 5 days of military service; 32 years, 4 months, and 23 days of civilian service; and 9 months and 1 day of unused sick leave pursuant to OPM's chart for converting hours of unused sick leave to months and days, J.A. 78). The 29 days were eliminated as an impermissible fraction of a month under 5 U.S.C § 8332(a). Thus, according to OPM, Hulvey's

---

[1] As the Board noted, Hulvey indicated that after prevailing on an Equal Employment Opportunity complaint of discrimination he was awarded a retroactive promotion, salary increase, and extension of his retirement date to September 6, 2006. J.A. 12.

total creditable service was 33 years and 5 months. Hulvey petitioned for recalculation, J.A. 23, and OPM affirmed its determination of 33 years and 5 months of creditable service, J.A. 19.

Hulvey appealed to the MSPB, asserting that his total creditable service was miscalculated. J.A. 31. With regard to his military service, Hulvey asserted that he served a total of 3 months and 36 days (*i.e.*, 10 days in October 1970; 3 full months from November 1970 to January 1971; and 26 days in February 1971). After applying OPM's rule that each month contains 30 days (discussed below), Hulvey asserted that his creditable military service totaled 4 months and 6 days. Adding this military service to the beginning date of his civilian service (April 14, 1974), Hulvey asserted that his beginning "service computation date" should be December 8, 1973. (In contrast, OPM's service computation date, based on one fewer day of creditable military service, was December 9, 1973.) Using this allegedly correct service computation date, Hulvey then calculated his total creditable service to be 33 years, 6 months, and 1 day (*i.e.*, 24 days in December 1973; 32 years and 8 full months from January 1974 through August 2006; and 6 days in September 2006; plus 9 months and 1 day of unused sick leave).

In an initial decision dated May 12, 2010, the Board affirmed OPM's calculation, determining that the calculation was correct and that, pursuant to *Begley v. Office of Personnel Management*, 60 F.3d 804 (Fed. Cir. 1995), OPM's calculation method was a reasonable interpretation of 5 U.S.C. § 8332(a). J.A. 11–15. Hulvey filed a petition for review at the Board, and in a final order dated November 19, 2010, the Board denied the petition. J.A.

6–9. Hulvey timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In an appeal from a decision of the MSPB, we must affirm the decision unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2006); *see also Koyen v. Office of Pers. Mgmt.*, 973 F.2d 919, 922 (Fed. Cir. 1992).

When reviewing an agency's construction of a statute that it administers, we look first to the language of the statute and ask "whether Congress has directly spoken to the precise question at issue." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). If the statute is silent or ambiguous as to the specific issue, we ask "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. In cases involving implicit legislative delegation to the agency, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.* at 844.

On appeal, Hulvey asserts that OPM's method of computing total federal service credit pursuant to 5 U.S.C. § 8332 is "inequitable and randomly discriminatory," because, by considering each month to have 30 days, it can in some circumstances credit a federal employee with fewer than all of the days the employee actually worked. Hulvey thus asserts that OPM's service calculation method is "inherently unreasonably" and impermissible under *Chevron*.

Hulvey contends in particular that OPM's method misapplied 5 U.S.C. § 8332(a), disregarded § 8332(b), and failed to follow the method of calculation set forth in the Civil Service Retirement System and Federal Employees Retirement System Handbook for Personnel and Payroll Offices ("CSRS and FERS Handbook"). According to Hulvey, these errors resulted in a miscalculation of his creditable service, as detailed above. Specifically, Hulvey asserts that he served in the military for 4 months and 6 days, not 4 months and 5 days as calculated by OPM. He further contends that he was denied an additional day of service when OPM merged his military and civilian services to determine his total creditable federal service. Thus, Hulvey maintains, he is entitled to a total of 33 years, 6 months, and 1 day of creditable service. Hulvey requests that we reverse the Board's decision, order the Board to recalculate his federal creditable service, and order payment of prior annuity underpayments with interest.

The government responds by arguing that the Board correctly affirmed OPM's calculation of Hulvey's creditable service periods. The government asserts that the Board properly followed *Begley*, which held that OPM's method of calculation is a reasonable interpretation of its statutory authority to compute creditable service. Moreover, the government contends that OPM's calculation complies with § 8332(b) and the CSRS and FERS Handbook.

We agree with the government that the Board properly applied our holding in *Begley* to affirm OPM's calculation of Hulvey's creditable service. The statute governing creditable service is 5 U.S.C. § 8332. In relevant part, it provides:

(a) The total service of an employee or Member is the full years and twelfth parts thereof, excluding from the aggregate the fractional part of a month, if any.

(b) The service of an employee shall be credited from the date of original employment to the date of separation on which title to annuity is based in the civilian service of the Government. . . .

Because § 8332(a) does not define the term "twelfth parts," OPM was obligated to devise its own formula to give effect to this statutory language. *Begley*, 60 F.3d at 805–06. Under its formula, OPM considers a year to have 360 days and each month to have 30 days, and OPM gives 30 days' credit for each full calendar month that an employee works regardless of the actual number of days contained in the particular month's work. *Id.* at 806 (citing CSRS and FERS Handbook § 50A2.1-3(B)); *see also* J.A. 72–78.

In *Begley*, we upheld OPM's system of calculating service credit as a reasonable interpretation of the references in § 8332(a) to "twelfth parts" and "months." *Begley*, 60 F.3d at 806. Hulvey seeks to distinguish *Begley* from the facts of this case by arguing that the calculation in *Begley* involved a "fractional year," whereas Hulvey's calculation involves a "fractional month." We reject this alleged distinction. Both *Begley* and this case involve the calculation of creditable service under 5 U.S.C § 8332 using OPM's method. We held there, as we do here, that OPM's method is a reasonable interpretation of § 8332(a). The Board correctly determined that it was bound by *Begley*

with regard to the reasonableness of OPM's computation method.[2]

Our holding is also consistent with the language of § 8332(b) and the CSRS and FERS Handbook.  Hulvey contends that OPM's computation method violates the statutory requirement that "[t]he service of an employee shall be credited from the date of original employment to the date of separation."  5 U.S.C. § 8332(b).  Although *Begley* explicitly addressed only § 8332(a), its holding equally applies to the language of § 8332(b).  OPM's calculation expressly accounted for Hulvey's dates of original employment and his dates of separation, both for his military and civilian periods of service.  J.A. 20.  Thus, OPM's method, which necessarily accounts for dates of original employment and separation, is a reasonable interpretation of both subsections (a) and (b) of 5 U.S.C. § 8332.  *See Begley*, 60 F.3d at 806.  Further, because the CSRS and FERS Handbook merely sets forth the rules and procedures for applying OPM's calculation method, we reject Hulvey's argument that OPM's method is contrary to the Handbook.

Hulvey nevertheless contends that OPM's method as applied to him is unfair.  Be that as it may, we recognized in *Begley* that in rare instances OPM's method may credit an employee with fewer days than he or she actually worked.  *Begley*, 60 F.3d at 806.  To the extent that Hul-

---

[2]   We note, moreover, that in his own allegedly correct creditable service calculation Hulvey relies in part on OPM's practice of converting 30 days into a full month of service.  Pet'r's Informal Br. at Question 3.  Hulvey's approach of selectively adopting only the parts of the OPM method that he likes "cannot be squared with any coherent construction of section 8332(a)."  *Begley*, 60 F.3d at 806.

vey's case presents one such instance, our holding in *Begley* specifically accounted for this possibility.

Finally, Hulvey alleges that OPM's calculation method discriminates against Hulvey and all federal employees in general, and that OPM thereby engages in personnel practices prohibited by 5 U.S.C. § 2302(b)(10) and 2302(b)(11). We reject these allegations. Section 2302(b)(10) prohibits discrimination on the basis of conduct that does not adversely affect the performance of the employee or the performance of others. Section 2302(b)(11) prohibits personnel actions that violate a veterans' preference requirement. Aside from alleging unfairness in OPM's method of calculating creditable service—a method we have upheld as a reasonable interpretation of a statutory provision—Hulvey does not allege any conduct or action that violates 5 U.S.C. § 2302(b)(10) or 2302(b)(11).

CONCLUSION

We have considered all of Hulvey's arguments and find them unpersuasive. Accordingly, we affirm the determination of the Board.

**AFFIRMED**

COSTS

No costs.