NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RITA M. GIBSON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2020-1651

_____

Petition for review of the Merit Systems Protection Board in No. PH-0831-20-0011-I-1.

_____

Decided: September 9, 2020

_____

RITA M. GIBSON, Havre de Grace, MD, pro se.

RICHARD PAUL SCHROEDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ETHAN P. DAVIS, LISA LEFANTE DONAHUE, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before NEWMAN, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Rita Gibson sought survivor-annuity benefits, asserting that she was a "widow" of a retired federal employee. 5 U.S.C. § 8341(b)(1). To qualify as a "widow," she had to have been married to her husband "for at least 9 months immediately before his death." *Id.* § 8341(a)(1). Her marriage lasted from May 21, 2018, to the date of her husband's death, February 15, 2019—a total of 270 days, but six days shy of the 9-month "anniversary." The Office of Personnel Management (OPM) concluded that she had not been married for at least 9 months before February 15, 2019, and denied the benefits claims. The Merit Systems Protection Board affirmed. We now affirm the Board's decision.

I

Ms. Gibson's husband, Gerald Gibson, had timely elected a survivor annuity for Ms. Gibson, pursuant to 5 U.S.C. §§ 8339(j)(3), 8341(h)(1). About a month after Mr. Gibson died, Ms. Gibson filed an Application for Death Benefits with OPM. OPM denied Ms. Gibson's request for a monthly annuity, concluding that Ms. Gibson's marriage lasted for only 8 months and 24 days, which was less than the statutorily required period of 9 months.

Ms. Gibson appealed OPM's final decision to the Board, which—through an initial decision of an administrative judge that became the Board's final decision—affirmed OPM's denial of benefits. The Board recognized that "[i]t is undisputed that the appellant and Mr. Gibson were married for eight full months, June 2018–January 2019, but they were married for only 10 days in May 2018 and 15 days in February 2019." S.A. 4. Because "[n]either [the Board] nor the parties uncovered any law, regulation, or precedential decision explaining how the nine months of marriage required by section 8341 are to be calculated," the Board used a "common sense approach"—"counting the full

months and combining the remaining days to determine whether they equal a month (30 days, as discussed below)." S.A. 4.  By that method, the Board found that Ms. Gibson and Mr. Gibson "were married for eight month[s] and 25 days" (counting the day of Mr. Gibson's death).  S.A. 4.

That decision became final.  S.A. 7.  Ms. Gibson timely appealed to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."    5 U.S.C. § 7703(c); *see also Montelongo v. Office of Personnel Mgmt.*, 939 F.3d 1351, 1353 (Fed. Cir. 2019).  We review the Board's legal determinations, "such as statutory interpretation, de novo." *Stephenson v. Office of Personnel Mgmt.*, 705 F.3d 1323, 1326 (Fed. Cir. 2013).

The question presented is whether the undisputed period of the Gibsons' marriage—from May 21, 2018, to February 15, 2019—meets the statutory condition that they were married "for a least 9 months immediately before" Mr. Gibson's death on February 15, 2019.  5 U.S.C. § 8341(a)(1). The statutory reference to 9 months was adopted in 1984, when Congress reduced the marriage-duration requirement from 1 year to 9 months.  Civil Service Retirement Spouse Equity Act of 1984, Pub. L. No. 98-615, § 2(4), 98 Stat. 3195, 3199.  We conclude that the Gibsons' marriage did not last "9 months," a phrase whose "ordinary public meaning," *Bostock v. Clayton County*, 140 S. Ct. 1731, 1738 (2020), counts time using calendar months as the unit. Contrary to Ms. Gibson's contention, counting days and treating each "month" as having 30 days is not a proper

interpretation of section 8341(a)(1)'s simple use of "months."[1]

In 1864, the Supreme Court explained: "The term [month] is not technical, and when the parties have not themselves given to it a definition, it must be construed in its ordinary and general sense, and there can be no doubt that in this sense calendar months are always understood." *Sheets v. Selden's Lessee*, 69 U.S. 177, 190 (1864). In 1891, the Supreme Court emphasized that "[i]t is the settled law . . . that the word 'month,' when used in contracts or statutes, must be construed, where the parties have not themselves given to it a definition, and there is no legislative provision on the subject, to mean calendar, and not lunar, months." *Guar. Tr. & Safe-Deposit Co. v. Green Cove Springs & Melrose R. Co.*, 139 U.S. 137, 145 (1891); *see Fogel v. Comm'r*, 203 F.2d 347, 349 (5th Cir. 1953) ("But the term is not a technical one, and when undefined, as here, it is commonly understood to mean a calendar month."). By 1979, Black's Law Dictionary stated: The "[w]ord 'month,' unless otherwise defined, means 'calendar month.'" *Month*, Black's Law Dictionary (5th ed. 1979); *see also id.* (6th ed. 1990) (same).

Given that counting in days is self-evidently different in ordinary meaning from counting in months (which vary in length from 28 to 31 days), the congressional choice in the present context to use the simple term "months" to define a statutory period is not properly transformed into a quite different choice to use "days." Indeed, in this very statutory scheme, Congress elsewhere repeatedly used

---

[1]    Although OPM counted 8 months and 24 days and the Board counted 8 months and 25 days, that difference is immaterial here. It is likewise immaterial in this case whether one counts the day of marriage or the day of death or both. No matter how one makes those choices, the period at issue in the present case falls short of "9 months."

multiples of 30 days instead of months. *E.g.*, 5 U.S.C. § 8332(k)(1) ("within 60 days"); *id.* § 8335(a), (b)(1), (c), (d) ("at least 60 days"); *id.* § 8344(l)(4)(B)(ii) ("not later than 180 days"). For § 8341(a)(1), in contrast, Congress chose "9 months," rather than "270 days." We see no justification for erasing the clear distinction between familiar counting methods. *See Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2071 (2018) ("We usually 'presume differences in language like this convey differences in meaning.'"); Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 170 (2012) ("[W]here the document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea.").[2]

Ms. Gibson points to *Begley v. Office of Personnel Mgmt.*, 60 F.3d 804 (Fed. Cir. 1995), for support, but *Begley* does not justify adoption of Ms. Gibson's reading of the statute at issue here. *Begley* involved a retirement-benefits requirement of five years of certain federal service, and the pertinent statute addressed how to calculate the time: "The

---

[2]    A different result for "months" in 5 U.S.C. § 8341(a)(1) is not supported by the "365 days" interpretation of a statutory reference to a "'term of imprisonment [of] at least one year'" that the Ninth Circuit adopted in *Habibi v. Holder*, 673 F.3d 1082, 1086 (9th Cir. 2011) (alteration in original), based on a number of contextual considerations. Nor is a different result here supported by authority in at least one State "that a 'month' means a solar month, that is, thirty days, not a calendar month, when the term is not defined by statute *and is used in assessing punishment for a criminal offense.*" *Lopez v. State*, 651 S.W.2d 931, 932 (Tex. App. 1983) (emphasis added). The criminal-law interest in "equality in punishment," *Yeary v. State*, 66 S.W. 1106, 1108 (Tex. Crim. App. 1902), does not apply to the present setting.

total service of an employee . . . is the full years and twelfth parts thereof, excluding from the aggregate the fractional part of a month, if any." 5 U.S.C. § 8332(a). We first noted that the use of "month" in conjunction with the reference to "twelfth parts" of "full years" left the provision ambiguous. *Begley*, 60 F.3d at 805–06. We then explained that OPM had published a methodology—"consider[ing] a year to have 360 days and each month to have 30 days," *id.* at 806—that tried to capture "the relationship between the [ambiguous] statutory terms 'twelfth part[]' of a year and 'a month,'" *id.* at 805 (second brackets in original). In that situation, invoking *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984), we deferred to OPM's "somewhat contrived" formula because it was "a reasonable way of accommodating the statutory references to 'twelfth parts' and 'month[].'" *Begley*, 60 F.3d at 806. On that basis, we upheld OPM's calculation that Mr. Begley fell a week short of five years' service. *Id.* at 805, 806.

The statutory provision at issue in the present matter is quite different. It does not contain the unusual language, such as "twelfth parts," that caused ambiguity as to "month" in the provision under consideration in *Begley*. Moreover, the parties and the Board have not pointed to any deference-warranting OPM pronouncement setting forth an interpretation of "month" in 5 U.S.C. § 8341(a).[3] Accordingly, "the best reading of the text" controls. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1140 (2018).

---

[3]    A regulation states: "For satisfying the 9-month marriage requirement of paragraph (a)(1) of this section, the aggregate time of all marriages between the spouse applying for a current spouse annuity and the employee, Member, or retiree is included." 5 C.F.R. § 831.642(b). The regulation does not address the meaning of "month."

Under that reading, as we have indicated, "month" in this statute refers to a calendar month.

Ms. Gibson also notes that because calendar months are of different lengths, some 9-month intervals will be longer, in number of days, than others. *See* Memo in Lieu of Argument at 1. That result is inherent in Congress's choice to measure a statutory period simply in terms of "months," which has a familiar, ordinary, long-settled meaning that Congress said nothing to alter. We give effect to that meaning and leave it to Congress to make any changes it deems warranted in the definition of the lines that determine eligibility for the benefits at issue.

### III

For the foregoing reasons, we affirm the Board's decision.

The parties shall bear their own costs.

**AFFIRMED**