# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CLARENCE M. TEMPLETON, III,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE AIR FORCE,<br>Agency. | DOCKET NUMBERS<br>DE-1221-21-0032-C-1<br>DE-1221-21-0032-R-1<br>DE-4324-21-0067-C-1<br>DE-4324-21-0067-R-1<br><br><br>DATE: February 2, 2023 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Jerald Rule, Washington, D.C., for the appellant.

Bobbie Garrison, Joint Base Andrews, Maryland, for the agency.

**BEFORE**
Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed petitions for review of the compliance initial decisions docketed as *Templeton v. Department of the Air Force*, MSPB Docket

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

No. DE-1221-21-0032-C-1, and *Templeton v. Department of the Air Force*, MSPB Docket No. DE-4324-21-0067-C-1, which denied his petitions for enforcement of the parties' settlement agreements that resolved his individual right of action (IRA) and Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeals. For the reasons set forth herein we REOPEN the underlying appeals, docketing them as *Templeton v. Department of the Air Force*, MSPB Docket No. DE-1221-21-0032-R-1, and *Templeton v. Department of the Air Force*, MSPB Docket No. DE-4324-21-0067-R-1.[2] We also JOIN the compliance appeals. We GRANT the appellant's petitions for review, VACATE the initial decisions dismissing the underlying appeals as settled, VACATE the compliance initial decisions denying the appellant's petitions for enforcement, and REMAND the reopened appeals to the field office for further adjudication in accordance with this Remand Order.

---

[2] The Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances and generally within a short period of time after the decision becomes final. 5 C.F.R. § 1201.118. We recognize that the initial decisions in the appellant's underlying appeals became final in February 2021. *Templeton v. Department of the Air Force*, MSPB Docket No. DE-1221-21-0032-W-1, Initial Decision at 3 (Jan. 19, 2021); *Templeton v. Department of the Air Force*, MSPB Docket No. DE-4324-21-0067-I-1, Initial Decision at 3 (Jan. 22, 2021). However, the appellant sought enforcement of the settlement agreements that resolved the appeals in April 2021, only 2 months after the initial decisions became final. *Templeton v. Department of the Air Force*, MSPB Docket No. DE-1221-21-0032-C-1, Compliance File, Tab 1; *Templeton v. Department of the Air Force*, MSPB Docket No. DE-4324-21-0067-C-1, Compliance File, Tab 1. Further, we find the circumstances here unusual because, as discussed below, the parties only became aware that the settlement agreements were premised on a mutual mistake of fact after the agency attempted compliance, and the discovery of this mistake of fact was an intervening event that directly bears on the dismissal of the underlying appeals as settled. *Jennings v. Social Security Administration*, 123 M.S.P.R. 577, ¶ 17 (2016) (explaining that unusual or extraordinary circumstances that justify reopening an appeal include, as relevant here, an intervening event that directly bears on the result). Therefore, we exercise our discretion to reopen the underlying appeals.

**BACKGROUND**

¶2 From June 1, 1986, to March 31, 2004, the appellant served a number of tours of duty in the military. *Templeton v. Department of the Air Force*, MSPB Docket No. DE-1221-21-0032-W-1, Initial Appeal File (0032 IAF), Tab 9 at 46. Then beginning in November 2009, he served in a series of appointments in Federal agencies and departments. 0032 IAF, Tab 9 at 19, Tab 10 at 41. As relevant to this appeal, the appellant asserted that he made two deposits to receive service credit for a portion of his military service towards his Federal Employees' Retirement System (FERS) retirement, while employed at the Department of the Navy and Department of Veterans Affairs, in 2013 and 2015 respectively. 0032 IAF, Tab 7 at 3, Tab 9 at 81, Tab 10 at 41.

¶3 In March 2018, he was appointed to a position with the agency, and was employed with the agency at all times relevant to this appeal. 0032 IAF, Tab 9 at 18. Between 2018 and 2019, the appellant attempted to correct his military service credit to reflect that he paid the two deposits, which should have resulted, by his calculation, in 1133 days of creditable FERS service as of September 2015. 0032 IAF, Tab 1 at 5, 10, Tab 7 at 3-4, Tab 9 at 52-54. In July 2019, after the appellant contacted U.S. Senator Martin Heinrich, Senator Heinrich's office requested assistance in correcting the appellant's service credit. 0032 IAF, Tab 9 at 56-60. However, as of September 2019, the agency could not determine whether the appellant had paid a deposit for all periods of service. *Id.* at 47, 67-71. In June 2020, he filed a complaint with the Office of Special Counsel asserting that the agency ceased helping him correct his service computation date after he contacted Senator Heinrich. 0032 IAF, Tab 1 at 10.

¶4 Subsequently, in November 2020, the appellant filed an appeal alleging that the agency failed to credit him with 1133 days. 0032 IAF, Tab 1. The regional office separately docketed the appeal as an IRA appeal and a USERRA appeal. 0032 IAF, Tab 15; *Templeton v. Department of the Air Force*, MSPB Docket No. DE-4324-21-0067-I-1, Initial Appeal File (0067 IAF), Tabs 1, 6.

The administrative judge made a preliminary finding that the Board has jurisdiction over both appeals. 0032 IAF, Tab 15.

¶5 In January 2021, the parties entered into two substantially similar settlement agreements. 0032 IAF, Tab 18 at 4-7, Tab 20 at 4-7. In exchange for the appellant withdrawing his appeals, the agency agreed to "complete any documentation needed to correct [his] creditable military service to 1133 days" and "request this correction from the Defense Finance and Accounting Services (DFAS) within . . . 45 days" in both agreements. 0032 IAF, Tab 18 at 4-5, Tab 20 at 4-5.[3] The agency also agreed to provide the appellant with a lump sum payment of $300 dollars in the IRA agreement, 0032 IAF, Tab 18 at 4, and status updates to the appellant every 14 days in the USERRA agreement, 0032 IAF, Tab 20 at 5. The administrative judge then issued a substantively identical initial decision in each appeal, dismissing the appeals as settled and entering the settlement agreements into the record for enforcement purposes. 0032 IAF, Tab 21, Initial Decision; 0067 IAF, Tab 10, Initial Decision. Neither party petitioned for review, and the initial decisions became the final decisions of the Board. 5 C.F.R. § 1201.113 (providing that, absent a timely filed petition for review, the initial decision generally becomes the Board's final decision within 35 days after issuance).

¶6 The agency submitted the payment voucher for the $300 dollars and the documentation to DFAS to increase the appellant's creditable FERS service by 1133 days. *Templeton v. Department of the Air Force*, MSPB Docket No. DE-1221-21-0032-C-1, Compliance File (CF), Tab 5 at 8-14. In February 2021, DFAS advised the agency that the appellant's deposit resulted in 1124 days of creditable FERS service. *Id.* at 16, 25. On April 11, 2021, the appellant filed separate petitions for enforcement of the parties' settlement

---

[3] To the extent the initial decisions, settlement agreements, and other documents and pleadings are identical in these appeals, we will cite to the record in the appellant's IRA appeal for the sake of clarity and simplicity.

agreements, raising the same issue. Specifically, he alleged that the agency failed to "provide[] the requested relief." CF, Tab 1 at 3. The agency responded, submitting evidence and argument to show that it had complied with the settlement agreements by timely submitted documentation to DFAS, with follow-up notices to the appellant. CF, Tab 5. According to the agency, it disagreed with DFAS as to whether the appellant's FERS credit for military services was 1133 days as the agency calculated, or 1124 days, as DFAS calculated. *Id.* at 5, 21, 25.

¶7    In substantively identical compliance initial decisions, the administrative judge found that the appellant failed to establish the agency breached the settlement agreements and denied his petitions for enforcement. CF, Tab 9, Compliance Initial Decision (CID) at 2, 4-5. Specifically, she found it undisputed that the agency timely provided DFAS with the promised documentation and the appellant with status updates in accordance with the terms of the agreement. CID at 4. She further concluded that the parties did not dispute that DFAS's calculation of 1124 days of service credit were correct. *Id.*

¶8    The appellant has filed the same petition for review of the compliance initial decision in each appeal. Compliance Petition for Review (CPFR) File, Tab 1. The agency has responded, and the appellant has replied. CPFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The parties' settlement agreement must be set aside for mutual mistake of fact.

¶9    Federal employees covered under FERS can receive credit for military service performed after 1956 by paying "a deposit (including interest, if any)" of 3% of military basic pay before separation.[4] *Simpkins v. Department of Labor*,

---

[4] Joinder of two or more appeals filed by the same appellant may be appropriate when joinder would expedite processing of the appeals and would not adversely affect the interests of the parties. *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 14 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.36(a)(2), (b). We

107 M.S.P.R. 651, ¶ 19 (2008); 5 U.S.C. §§ 8411(c)(1)(B), 8422(e)(1)(A); 5 C.F.R. § 842.307(b). Here, the dispute as to the appellant's FERS credit occurred because the agency appeared to calculate the appellant's FERS credit using calendar days, and thus, believed he was entitled to 1133 days. 0032 IAF, Tab 1 at 5; CF, Tab 5 at 43-45. DFAS calculated his FERS credit as 1124 days, based upon a 30-day month in accordance with the Department of Defense Financial Management Regulation, DoD 7000.14-R, volume 7A, chapter 1. CF, Tab 8 at 4, 7. There is some support for DFAS's calculation. *See* 5 U.S.C. § 8411(a)(1) (providing that "[t]he total service of an employee or Member is the full years and twelfth parts thereof, excluding from the aggregate the fractional part of a month, if any); *Begley v. Office of Personnel Management*, 60 F.3d 804, 805-06 (Fed. Cir. 1995) (upholding the Office of Personnel Management's interpretation of the same language in 5 U.S.C. § 8332(a), governing service credit under the Civil Service Retirement System, as providing for 30 days' credit for each full calendar month of work). However, we need not resolve here the question of how to properly calculate the number of days per month for purposes of FERS service credit because we must void the agreement as relying on a mutual mistake of fact.

¶10      A settlement agreement is a contract between the parties that may be set aside or voided only on the basis of certain limited grounds, including, as relevant here, a mutual mistake of material fact under which both parties acted. *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 12 (2010). A mutual mistake of fact is a shared, mistaken belief of the parties regarding a material assumption of fact underlying their agreement. *Id.* A mistake of fact is material if it involves a "basic assumption" underlying an agreement. *Brady v. Department of the Navy*,

find that these compliance appeals, based on the same underlying military service deposit and involving substantially similar settlement agreements, initial decisions, and petitions for review, meet the regulatory criteria; therefore, we join them.

95 M.S.P.R. 619, ¶ 8 (2004).  A settlement term is material when it is central to the agreement and numerous other provisions depend on it.  *Id.*

¶11    The relevant provision of the settlement agreements provided that the agency would submit the documentation to DFAS to correct the appellant's creditable military service to 1133 days.  0032 IAF, Tab 18 at 5, Tab 20 at 4-5.  The settlement agreements did not specify what would happen if the appellant was not entitled to 1133 days.  0032 IAF, Tab 18 at 5, Tab 20 at 4-5.  Although they contemplated that the appellant might be owed a refund or be required to pay additional deposits in order to receive credit for the service dates at issue, the agreements were premised on the assumption that, based on the military dates of service at issue, DFAS would credit the appellant with 1133 days of FERS service.  CF, Tab 5 at 13, 40.  Thus, both parties believed that, by taking the steps outlined in the agreement, the appellant would receive 1133 days of creditable military service based on his military service dates.  *Id.* at 5, 22-28; 0032 IAF, Tab 1 at 10, Tab 7 at 3.  Furthermore, there is nothing in the agreements that suggest that the parties intended the result that the appellant's entitlement would be 9 days less than they both calculated.

¶12    Thus, it appears the parties executed their settlement agreements under a mutual mistake of material fact, i.e., that DFAS would process 1133 days of FERS service credit.[5]    *Cf. Vance*, 114 M.S.P.R. 679, ¶¶ 12, 14-16 (finding

---

[5] We have alternatively considered whether the error here is one of law regarding how to apply the relevant statutes and regulations for crediting the appellant's military service.  However, we need not resolve whether the mistake here was legal or factual in nature, because a mutual mistake of law that goes to the heart of the agreement, as the error does here, also requires that it be set aside.  *Potter v. Department of Veterans Affairs*, 111 M.S.P.R. 374, ¶ 9 (2009).  We observe that there appears to be another fatal flaw regarding the agreement settling the appellant's USERRA appeal.  That agreement requires the agency to process the appellant's military service credit without providing any additional benefits to the appellant.  0032 IAF, Tab 20 at 4-7.  Arguably, the agency was obligated to process the appellant's service credit even absent the agreement; therefore, the agreement may lack consideration for the appellant's waiver of his Board appeal rights.  *See Black v. Department of Transportation*, 116 M.S.P.R.

a settlement agreement had to be set aside when both parties may have operated under a mistake of fact that the appellant could have a clean employment record or, alternatively, the agency acted in bad faith in failing to advise the appellant that his assumption that he could have a clean record was mistaken). Therefore, we find that the settlement agreements must be set aside based on mutual mistake of a material fact. Ordinarily, a finding that a settlement agreement must be set aside results in the reinstatement of the underlying appeal. *Id.*, ¶ 16. However, when a settlement agreement must be set aside because of the failure of an essential part of that agreement, but the appellant has obtained other benefits pursuant to that agreement, the Board has found it appropriate to offer the appellant a choice between reinstating his appeal or accepting the settlement agreement as is. *Id.*

¶13     Accordingly, remand of the reopened appeals is necessary. On remand, the administrative judge shall inquire whether the appellant wishes to reinstate his IRA and USERRA appeals or accept the parties' settlement agreements notwithstanding the fact that, according to DFAS, he is not entitled to 1133 days. Alternatively, the parties may choose to negotiate a new settlement agreement. The administrative judge shall then issue a new initial decision.

---

87, ¶¶ 17-18 (2011) (explaining that a waiver of appeal rights was unenforceable when there was no consideration for the employee's waiver).

**ORDER**

For the reasons discussed above, we remand the appellant's reopened appeals to the field office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:

<u>                    /s/ for                    </u>

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.