**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RUSSELL C. PATY, | DOCKET NUMBER |
| Appellant, | DA-844E-20-0379-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: September 27, 2024 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Russell C. Paty, Canyon Lake, Texas, pro se.

Linnette Scott, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied his application for retirement under Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

On petition for review, the appellant largely disagrees with the administrative judge's factual findings, arguing that she discounted the medical evidence supporting his claim that he is medically unable to perform the duties of his position. Petition for Review (PFR) File, Tab 1 at 4-9; Tab 4 at 4-5. He also argues that the administrative judge ignored evidence demonstrating that there was a deficiency in his attendance. PFR File, Tab 1 at 6. Additionally, the appellant challenges the administrative judge's decision denying his request for 12 witnesses to testify at the hearing. *Id.* at 5-6; *see* Initial Appeal File (IAF), Tab 45 at 3.

In the initial decision, the administrative judge thoroughly reviewed and properly considered both the objective medical evidence from the period contemporaneous to the appellant's Federal service through the period following his resignation and the appellant's subjective accounts of his conditions in finding that he failed to establish that he became disabled while employed in a position subject to FERS. Initial Appeal File, Tab 51, Initial Decision (ID) at 3-13; *see Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶¶ 19-20 (2012) (stating that the Board will consider all relevant objective and subjective evidence in determining an appellant's entitlement to disability retirement).

Having reviewed the record evidence and considered his arguments on review, we agree that the appellant failed to establish his entitlement to disability retirement benefits.[2]   PFR File, Tab 3 at 7-14; ID at 4-8; *see Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008) (setting forth the criteria that an applicant must meet in order to qualify for disability retirement benefits); 5 C.F.R. § 844.103(a)(2).

Regarding the appellant's objection to the administrative judge's denial of his proposed witnesses, administrative judges have broad discretion to control proceedings, including excluding witnesses where a party has not been shown that the proposed testimony would be relevant, material, and nonrepetitious. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 12 (2013); *see* 5 C.F.R. § 1201.41(b).  To obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed.    *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005).

---

[2]  Regarding the appellant's assertion that the administrative judge failed to acknowledge the agency's certification of reassignment and accommodation efforts, which states that the appellant's condition could not be accommodated due to its severity and that reassignment was not possible, this omission does not provide a reason to disturb the initial decision.  PFR File, Tab 1 at 7-8; *see* IAF, Tab 10 at 78-79. Whether accommodation is possible and whether the appellant declined a reasonable offer of reassignment are relevant to elements (4) and (5) of the test for establishing entitlement to a disability retirement.  *See Henderson*, 109 M.S.P.R. 529, ¶ 8 (identifying the factors that an appellant must meet in order to qualify for disability retirement benefits under FERS); 5 C.F.R. § 844.103(a); *see* 5 U.S.C. § 8451(a). Because a disability retirement applicant must establish that he meets all of the eligibility requirements, and because the appellant failed to meet his burden of proving that any of his conditions were disabling (as required under the second element of the test), the administrative judge determined that she did not reach elements (4) and (5) of the test, with which we agree.  ID at 17 (citing *Gribble v. Office of Personnel Management*, 55 M.S.P.R. 274, 277 (1992)).  Accordingly, we find no error in the administrative judge's failure to specifically address the agency's reassignment and accommodation certification in the initial decision.

In his challenge to the administrative judge's order rejecting the 12 requested witnesses, the only witnesses the appellant objected to were his former first-line supervisor and the agency Personnel Specialist who signed off on the certification of reassignment and accommodation efforts. IAF, Tab 47 at 4; *see* IAF, Tab 10 at 78-79. Conversely, a Physician's Assistant is the only witness whose potential testimony the appellant addressed in his petition for review, and the appellant has not explained how her testimony was relevant and could have affected the outcome of his case.[3] PFR File, Tab 1 at 5. Consequently, we conclude that the appellant has failed to show that relevant evidence that could have affected the outcome of this case was disallowed, and that the administrative judge abused her discretion in disallowing any of the appellant's witnesses.[4] *Vaughn*, 119 M.S.P.R. 605, ¶ 12; *Jezouit*, 97 M.S.P.R. 48, ¶ 12. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] This is particularly true given that the appellant declined the opportunity to call the two other physician witnesses the administrative judge had approved to testify at the hearing. IAF, Tab 50, Hearing Compact Disc (HCD); *see* ID at 17 n.3.

[4] The appellant also challenges the administrative judge's finding that he withdrew his request to call two doctors at the hearing, calling the assertion false and misleading. PFR File, Tab 1 at 5; *see* ID at 17 n.3. We have reviewed the hearing recording and find no error in the administrative judge's characterization of the hearing record as described in the initial decision. While on the record during the hearing, the administrative judge noted that before going on the record the appellant indicated that "he has decided not to call his physicians," and she asked the appellant "is that correct []?" HCD. In response, the appellant answered "yes your honor, we have sufficient documentation to indicate what they'd say here," and subsequently began his direct testimony since he was the only other approved witness. HCD.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:         _____

                                                  Gina K. Grippando
Clerk of the Board

Washington, D.C.