# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEVADA BAMBA,

          Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,

          Agency.

DOCKET NUMBER
NY-0714-19-0055-I-1

DATE: July 5, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>James E. Carney</u>, Buffalo, New York, for the appellant.

<u>Kimberly M. Thrun</u>, Cheektowaga, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which sustained her removal under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the case to the New York Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      On November 7, 2018, the agency issued a notice proposing to remove the appellant from her WG-2 Housekeeping Aid position with the Environmental Medical Service (EMS) of the agency's Western New York Healthcare System (VAMC) in Buffalo, New York, pursuant to 38 U.S.C. § 714, the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, 131 Stat. 362, which was enacted on June 23, 2017.  Initial Appeal File (IAF), Tab 11 at 26-28.  The proposed removal was based on three charges: (1) excessive absence (one specification); (2) absence without leave (AWOL) (three specifications); and (3) failure to follow orders (two specifications).  *Id.* at 26.

¶3      In support of the excessive absence charge, the agency stated that, as of November 7, 2018, the appellant had been continuously absent from work for 402 days.[2]  *Id.*  The agency further stated that:  the appellant's absence was for a compelling reason beyond her control such that the agency's approval or disapproval was immaterial; the appellant's absence had continued for an unreasonable amount of time, and the agency had warned the appellant in letters dated October 2 and 16, 2018, that it might initiate an adverse action unless she became available for duty; and the appellant's position needed to be filled by an employee available for duty on a regular, full-time basis.  *Id.*

---

[2] The appellant's absence began on September 26, 2017.  Hearing Transcript (HT) at 14 (testimony of the VAMC's Human Resources Officer (HRO)); IAF, Tab 11 at 34, 38. At that time, the appellant was on detail to the agency's Veterans Service Center (VSC) as an interim accommodation for her disabilities.  HT at 17-18 (testimony of the HRO).

¶4    The three specifications of the AWOL charge stated, respectively, that the appellant was AWOL from November 17,[3] 2017, to January 19, 2018; from April 30 to August 6, 2018; and from August 8 to September 14, 2018. *Id.*

¶5    The first specification of the charge of failure to follow orders stated that, in a letter dated October 2, 2018, the agency directed the appellant to report to duty by October 15, 2018; however, she did not do so. *Id.* The second specification of the charge stated that the appellant did not report to duty by October 29, 2018, as directed in a letter dated October 16, 2018. *Id.*

¶6    The appellant submitted a written reply to the proposal notice. IAF, Tab 11 at 22-23. On November 28, 2018, the agency issued a decision sustaining all the charges and specifications, and removing the appellant from her position effective November 30, 2018. *Id.* at 15, 17-20.

¶7    The appellant filed a Board appeal challenging her removal. IAF, Tab 1. She raised affirmative defenses of disability discrimination based on failure to accommodate, hostile work environment, retaliation for protected EEO activity, and harmful procedural error. IAF, Tabs 13, 40. After a hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 43, Initial Decision (ID) at 1, 24. The administrative judge found that the agency proved all three charges and their specifications by substantial evidence, ID at 4-13, and that the appellant did not prove her affirmative defenses, ID at 13-23.

¶8    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

---

[3] During his hearing testimony, the HRO explained that the absence at issue in the first specification of the AWOL charge began on November 27, 2017, not November 17, 2017, as stated in the proposal notice. HT at 26-27 (testimony of the HRO); IAF, Tab 11 at 26.

## ANALYSIS

The charges

*Excessive absence*

¶9        As a general rule, an agency may not take an adverse action based on an employee's use of approved leave. *Coombs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 12 (2002).  However, an exception may exist when the following criteria are met:  (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because she could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless she became available for duty on a regular full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984).  The administrative judge found that all three of these criteria had been met, and she sustained the charge.  ID at 5-8.

¶10       The appellant does not directly contest the administrative judge's findings on review.  However, for the following reasons, we vacate the administrative judge's findings on this charge and remand for further proceedings.  As the agency stated in its notice of proposed removal, the first time that it warned the appellant that she could be disciplined for excessive approved absences was in its October 2, 2018 letter.  IAF, Tab 11 at 26, 38.  In the absence of any evidence of when the appellant actually received this letter, we find that it was delivered to her on October 8, 2018.[4]  Because the appellant was not informed of the possibility of discipline for approved leave until October 8, 2018, the leave that she took on or before that date cannot be used to support the charge.  *See*

---

[4] Under Board law, documents placed in the mail are presumed to be received in 5 days, absent evidence to the contrary.  *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007); *see* 5 C.F.R. § 1201.4(*l*).  Because October 7, 2018 was a Sunday, we find that the appellant received this letter the following day.

*Williams v. Department of Commerce*, 2024 MSPB 8, ¶¶ 6-8. Therefore, the only period of time properly encompassed in the excessive absence charge was October 9, 2018, through November 7, 2018, which was a total of 22 workdays. If it is necessary for her to reach the issue remand, the administrative judge shall determine whether this period of absence was sufficient to prove the excessive absence charge. She may adopt her previous findings on the remaining *Cook* criteria as appropriate.

### Absence Without Leave

¶11    To prove an AWOL charge, an agency must demonstrate that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied. *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015), *overruled on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.

¶12    The administrative judge found that the appellant was absent from work on the dates charged, and she further found that the agency proved by substantial evidence that the appellant's absences were not authorized. ID at 10; IAF, Tab 11 at 44-59. In analyzing this charge, the administrative judge also considered the appellant's argument that the agency should have approved her absences, and noted that the Human Resources Officer (HRO) and the appellant provided conflicting testimony concerning whether the appellant submitted medical documentation in support of her absences. ID at 9.

¶13    Specifically, the appellant testified that she provided a Veterans Service Center (VSC) manager with medical documentation in support of her absences for the time periods at issue in the first two specifications of the charge, and that she provided the HRO with medical documentation in support of her absences for the time period at issue in the remaining specification. ID at 10; HT at 61-62 (testimony of the appellant). She further testified that she provided documents to the HRO multiple times and that he would just give them back to her. ID at 9; HT at 60 (testimony of the appellant).

¶14 By contrast, during his hearing testimony, as summarized in the initial decision, the HRO stated that the appellant did not have an excused absence or documentation to support the absences at issue in the AWOL charge. ID at 8; HT at 25-26 (testimony of the HRO). In particular, he testified that the appellant's absence during the period at issue in the third specification of the AWOL charge was not supported by medical documentation and, consequently, was not approved. ID at 9; HT at 25, 28 (testimony of the HRO); IAF, Tab 11 at 56-57.

¶15 The HRO also disputed the appellant's claims that she provided him with documents several times. He testified that he met with the appellant only three times and that only one of those meetings involved an exchange of documents. ID at 9; HT at 9, 33-35 (testimony of the HRO). He further testified that, on that occasion, the appellant and her union representative gave him a sealed envelope; however, instead of opening the envelope, he handed it back to them with instructions to deliver it to the Employee Relations Office, and then escorted the appellant and her representative to that office. ID at 10; HT at 34-36 (testimony of the HRO).

¶16 Applying the factors for resolving credibility issues set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), the administrative judge credited the HRO's testimony over the appellant's testimony. ID at 10-11. The administrative judge found that the HRO's testimony was detailed, unequivocal, internally consistent, consistent with the record, and not inherently improbable. ID at 11. The administrative judge further found that there is no evidence that the appellant provided any medical documentation to the VSC manager. *Id.* Accordingly, the administrative judge sustained the charge. *Id.*

¶17 On review, the appellant challenges the administrative judge's finding that she did not submit any medical documentation to agency management, and she reiterates her claim that she submitted all documents to a VSC manager. PFR File, Tab 1 at 3-4. The appellant also argues that the administrative judge erred in sustaining this charge because Executive Order 5,396 states that, if a

disabled veteran in the executive branch has no annual or sick leave, the employing agency must grant that individual leave without pay. *Id.*; *see* Exec. Order No. 5,396 (July 17, 1930).

¶18    We do not agree with the appellant's interpretation of Executive Order 5,396. That order gives disabled veterans in the executive branch a right to take annual leave, sick leave, or leave without pay to obtain necessary medical treatment if the employee gives prior notice and provides appropriate medical documentation. *See Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 8 (2011). Consequently, the appellant did not have the right to take leave pursuant to Executive Order 5,396 unless she provided the agency prior notice and appropriate medical documentation to support her absence.

¶19    As previously discussed, based on her explained credibility determinations, the administrative judge found that the appellant did not provide the agency with medical documentation to support her absence. ID at 10-11. The Board must give deference to an administrative judge's credibility determinations when they are based explicitly or implicitly on the observation of the demeanor of witnesses testifying at a hearing. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the administrative judge implicitly relied on demeanor in crediting the HRO's testimony that the appellant did not submit medical documentation in support of her absences. ID at 10-11. The appellant's argument that she submitted such documentation is, in essence, mere disagreement with the administrative judge's explained credibility findings and is unpersuasive. *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

*Failure to follow orders*

¶20     To prove a charge of failure to follow orders, the agency must prove that the appellant was given proper orders and she failed to follow them, without regard to whether such failure was intentional or unintentional. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014).

¶21     The administrative judge found that it is undisputed that the appellant was ordered to return to work and did not do so. ID at 12. In determining whether the agency's orders were proper, the administrative judge considered the appellant's testimony that her doctor disapproved her return to work and that she was scheduled to return to work on December 14, 2018. ID at 12-13; HT at 62-63 (testimony of the appellant); IAF, Tab 33 at 18 (September 17, 2018 letter from the appellant's doctor stating that she remained unable to return to work). The administrative judge found that the appellant's claim that she was going to return to work on December 14, 2018, was not credible, as her doctor's letter merely indicated that the appellant was going to be reevaluated on December 14, 2018, to determine whether she was able to return to duty, not that she was expected to return to duty that day. ID at 12-13; IAF, Tab 33 at 18.

¶22     By contrast, the administrative judge credited the HRO's testimony that he intended to provide the appellant an interim accommodation upon her return to work until a permanent one was found for her. ID at 12; HT at 31 (testimony of the HRO). The administrative judge found that this testimony was both internally consistent and consistent with the record, and not inherently improbable. ID at 12 (citing *Hillen*, 35 M.S.P.R. at 458). The administrative judge further found that the HRO's testimony was corroborated by the following statement in both of the October 2018 letters directing the appellant to return to duty: "If you return to duty, you will be provided an interim accommodation until a permanent accommodation becomes available." ID at 12; IAF, Tab 11 at 34, 38. Based upon her review of the relevant documentary evidence and the hearing testimony,

the administrative judge concluded that the appellant was given proper orders but failed to follow them. ID at 13.

¶23     On review, the appellant argues that this charge must not be upheld because she followed her doctor's medical orders. PFR File, Tab 1 at 3. This argument is unpersuasive. The appellant had been absent for more than a year and the orders were consistent with the agency's policy of making reasonable attempts to ensure that such employees return to work. HT at 12 (testimony of the HRO). Given these circumstances, we agree with the administrative judge that the orders directing the appellant to return to duty were proper, and that the agency proved this charge. ID at 13.

Affirmative defenses

¶24     The appellant does not specifically challenge the administrative judge's finding that she did not prove her affirmative defenses; however, we modify the analysis of the appellant's disability discrimination and EEO reprisal affirmative defenses in the initial decision.[5]

*Disability discrimination*

¶25     Both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28; *see* 42 U.S.C. § 12112(a), (b)(5)(A). A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8).

¶26     The administrative judge found that the appellant did not prove her disability discrimination claim under either a failure to accommodate or disparate treatment theory. ID at 17-19. More specifically, the administrative judge

---

[5] We discern no reason to disturb the administrative judge's finding that the appellant did not prove her other affirmative defenses, i.e., harmful error and hostile work environment. ID at 19-20, 22-23.

rejected the appellant's argument that the agency rescinded her interim accommodation "for no good reason," IAF, Tab 13 at 9, noting that the HRO's letters directing the appellant to return to duty explicitly stated that, if she returned to work, she would be provided an interim accommodation until a permanent accommodation became available. ID at 18. The administrative judge found that the appellant did not prove disparate treatment disability discrimination because, among other things, she did not present any credible evidence of coworkers who took leave for an extended period but were not removed. ID at 18-19.

¶27    In reaching those findings, the administrative judge determined that the appellant is an individual with a disability, ID at 16, but did not expressly determine whether the appellant is a qualified individual with a disability, i.e., whether the appellant could perform the essential duties of her position, with or without a reasonable accommodation. Accordingly, we modify the initial decision to address that issue.

¶28    Here, the record shows that the appellant could not have performed the essential functions of her position, with or without reasonable accommodation. The appellant testified that: she has disabilities that render her unable to return to work; a psychiatrist from the Social Security Administration (SSA) determined that she is permanently and totally disabled; and she has been granted disability retirement by SSA. ID at 5; HT at 64, 76, 90-91 (testimony of the appellant). Based on our review of the record, including the appellant's own statements, we conclude that the appellant is not a qualified individual with a disability. Therefore, the appellant cannot prevail on her claim of disability discrimination based on the agency's alleged failure to reasonably accommodate her, nor can she prove disparate treatment disability discrimination. *Haas*, 2022 MSPB 36, ¶¶ 28-29.

*Reprisal for protected EEO activity*

¶29        In evaluating the appellant's EEO reprisal claim, the administrative judge noted that the appellant had requested an accommodation for her disability and had filed discrimination complaints with the agency's EEO office and the Equal Employment Opportunity Commission.  ID at 21 (citing IAF, Tab 11 at 13, Tab 13).  The appellant's complaints included allegations of discrimination based on her race, sex, and disability.  IAF, Tab 13 at 7-9.  Considering the evidence as a whole, the administrative judge found that the appellant failed to prove that retaliation was a motivating factor in her removal.  ID at 21-22.

¶30        For the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not prove motivating factor.  However, to the extent that the appellant's claims of retaliation were protected under the Rehabilitation Act rather than Title VII, she would need to prove that retaliation was a but-for cause of her removal.  *Pridgen*, 2022 MSPB 31, ¶¶ 44-47.  Nevertheless, because the appellant has not proven motivating factor, she necessarily has not proven but-for causation.  *See Haas*, 2022 MSPB 36, ¶ 32.

The appellant's claims of adjudicatory error are unsupported.

¶31        The appellant also argues on review that the administrative judge improperly refused to admit all of her medical documentation and performance evaluations.[6]  PFR File, Tab 1 at 3.  We do not agree.  An administrative judge has wide discretion to control proceedings, and the Board has said that "[t]o obtain reversal of an initial decision on the ground that the [administrative judge] abused his discretion in excluding evidence, the petitioning party must show on

_____

[6] The appellant is apparently referring to the administrative judge's evidentiary ruling regarding the documents that the appellant submitted with her written prehearing statement.  IAF, Tab 33 at 5-6, Tab 41.  The agency objected to these documents based on the appellant's non-responsiveness to its requests for production.  IAF, Tab 37.  During the prehearing conference, the administrative judge notified the parties that she would reserve judgment on the admission of these documents until the hearing.  IAF, Tab 40 at 5.  At the hearing, the administrative judge admitted only one of the documents, the September 17, 2018 letter from the appellant's doctor stating that she was unable to work.  HT at 73, 106 (statements of the administrative judge).

review that relevant evidence, which could have affected the outcome, was disallowed." *Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005). The appellant's performance is not relevant to the dispositive issues in this appeal and the appellant has not shown that the medical documentation she references on review could have affected the outcome of this case.

The appellant has not shown that the administrative judge was biased.

¶32 The appellant also raises an apparent claim of adjudicatory bias on review, asserting that the administrative judge refused to listen to her or her representative. PFR File, Tab 1 at 5. The appellant also alleges that the administrative judge did not allow her representative to question her or the agency's witness. *Id.*

¶33 There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's rulings on issues. *Williams v. U.S. Postal Service*, 87 M.S.P.R. 313, ¶ 12 (2000). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010).

¶34 The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge nor establish that she showed a deep-seated favoritism or antagonism that would make fair judgment impossible.

We remand this appeal for further adjudication in accordance with decisions of the Federal Circuit issued after the initial decision.

¶35 After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit decided *Rodriguez v. Department of Veterans Affairs*,

8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency. *Id.* at 1298-1300. Instead, the agency's deciding official must use a preponderance of the evidence burden of proof to "determine[]" whether "the performance or misconduct . . . warrants" the action at issue. *Id.* at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)). The holding in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22.

¶36    As he explained in the decision notice, the deciding official removed the appellant based on his conclusion that substantial evidence supported the charges. IAF, Tab 11 at 17. The deciding official did not testify at the hearing, and there was no evidence suggesting that the charges were sustained based on more than substantial evidence. The administrative judge and the parties did not have the benefit of *Rodriguez* and therefore were unable to address its impact on this appeal. We therefore remand this case for adjudication of whether the agency's application of the substantial evidence standard constituted harmful error. *See Semenov*, 2023 MSPB 16, ¶ 22. A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving a harmful error affirmative defense by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C).

¶37    After the initial decision was issued in this case, the Federal Circuit also issued its decisions in *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370 (Fed. Cir. 2020), and *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021). In *Sayers*, 954 F.3d at 1379, the Federal Circuit held that 38 U.S.C. § 714 required that the Board review for substantial evidence the

entirety of the removal decision, including the penalty. In *Connor*, 8 F.4th at 1325-26, the court held that the agency and the Board were required to apply the factors relevant to penalty determinations set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), to the selection and review of penalties in 38 U.S.C. § 714 actions.

¶38    After denying the appellant's affirmative defenses, the administrative judge found that because the agency proved its charges by substantial evidence, the removal penalty must be sustained. ID at 23-24. She also found that the reasonableness of the penalty and the *Douglas* factors were "immaterial." ID at 24. Because the deciding official did not testify during the hearing and his decision notice evidences only vague consideration of some of the *Douglas* factors, IAF, Tab 11 at 17-20, it is unclear whether he considered all of the relevant *Douglas* factors in making his decision.

¶39    The administrative judge and the parties did not have the benefit of *Sayers* or *Connor*, and thus, they were unable to address their impact on this appeal. We therefore also remand this case for adjudication of whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and its penalty was reasonable. *See Semenov*, 2023 MSPB 16, ¶ 50. If the agency does not make such a showing, the administrative judge should remand the appellant's removal to the agency for a new penalty decision. *See id.*

¶40    The administrative judge should permit the parties to submit additional evidence and argument on the issues on remand, to include holding a supplemental hearing if requested. The administrative judge should approve the deciding official as a witness if requested by either party. The administrative judge shall then issue a new initial decision addressing the issues on remand. She may incorporate the findings and conclusions of her prior initial decision, consistent with this Remand Order, into her new initial decision. If any argument or evidence received on remand affects her previous findings, including those regarding the agency's charges or the appellant's affirmative defenses, the

administrative judge should address such argument or evidence in the remand initial decision.[7]  *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶41        For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.

---

[7] The administrative judge found that 38 U.S.C. § 714 appeared to eliminate the requirement under 5 U.S.C. § 7513(a) that the agency's action promote the efficiency of the service.  ID at 24.  Because the parties did not raise this issue on review, we do not address it. *See Semenov*, 2023 MSPB 16, n.9 (declining to address the issue of whether the nexus requirement applied to a 38 U.S.C. § 714 action because the parties did not raise it on review).  Nevertheless, assuming proof of nexus is required under 38 U.S.C. § 714, we find the agency would have met its burden here, as the charges related directly to the efficiency of the service.  *See, e.g., Adams v. Department of Labor*, 112 M.S.P.R. 288, ¶ 8 (2009) (stating that any sustained charge of AWOL is inherently connected to the efficiency of the service as an essential element of employment is to be on the job when one is expected to be there); *Howarth v. U.S. Postal Service*, 77 M.S.P.R. 1, 7 (1997) (finding nexus since failure to follow instructions inherently affects the agency's ability to carry out its mission).