**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KALI MARY HOLMAN, | DOCKET NUMBER |
| Appellant, | AT-0752-19-0608-I-2 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: February 27, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kali Mary Holman, Phenix City, Alabama, pro se.

Nic Roberts, Fort Moore, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her constructive removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's alternative finding that the appellant's allegations would not rise to the level of sexual harassment under Title VII, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a GS-07 Purchasing Agent for the agency. Initial Appeal File (IAF), Tab 1 at 6. Effective July 14, 2019, she resigned from her position. *Id*. She subsequently filed a Board appeal, alleging that she was forced to resign due to "impermissible harassment." IAF, Tab 1 at 3. The administrative judge informed the appellant of her burden of proof to establish Board jurisdiction over her appeal and ordered her to file evidence and argument establishing that her resignation was involuntary. IAF, Tab 3. The administrative judge determined that the appellant was entitled to a hearing because she raised nonfrivolous allegations of Board jurisdiction. IAF, Tab 6.

In an Order and Notice of Hearing and Prehearing Conference, the administrative judge notified the parties that any prehearing submissions, including exhibits, were to be received on or before October 18, 2019. IAF, Tab 5. In a Summary of the Telephonic Prehearing Conference, the

administrative judge stated that she expected the parties to move their exhibits into the record at the hearing. IAF, Tab 15. During the hearing, the administrative judge ruled on the parties' exhibits. IAF, Tab 19, Hearing Compact Disc (HCD). Following the hearing, the appellant filed a November 3, 2019 motion to submit additional exhibits. IAF, Tab 20. The agency objected to the admission of additional exhibits as untimely, duplicative, and irrelevant. IAF, Tab 21.

Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant did not prove by preponderant evidence that her resignation was involuntary. IAF, Tab 23, Initial Decision (ID) at 1. In particular, the administrative judge noted that the appellant did not establish that her working conditions were so intolerable that a reasonable person in her position would have felt compelled to resign. ID at 9-12.

The appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant did not prove that her resignation was involuntary based on intolerable working conditions.</u>

An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction. *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010). However, an appellant can prove Board jurisdiction over a resignation as a constructive removal by showing that (1) she lacked a meaningful choice in the matter, and (2) it was the agency's wrongful actions that deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). Various fact patterns can support a finding of constructive removal, including a showing that the appellant resigned due to intolerable working conditions. *Id*., ¶¶ 7-8. Intolerable working conditions may render an action involuntary if the appellant demonstrates that the agency engaged in a course of action that made working conditions so difficult or

unpleasant that a reasonable person in her position would have felt compelled to resign. *Searcy*, 114 M.S.P.R. 281, ¶ 12. In constructive adverse action appeals, nonfrivolous allegations do not establish jurisdiction; rather, the appellant must prove by preponderant evidence that the action was involuntary. *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶ 8 (2014).

When discrimination or retaliation is alleged in connection with a determination of involuntariness, evidence of discrimination or retaliation may only be addressed insofar as it relates to the issue of voluntariness and not whether such evidence meets the test for proof of discrimination and reprisal under Title VII. *Markon v. Department of State,* 71 M.S.P.R. 574, 578 (1996). Thus, evidence of discrimination or retaliation goes to the ultimate question of coercion, namely, whether, under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *Id*.

We agree with the administrative judge that the appellant did not prove by preponderant evidence that her resignation was involuntary based on intolerable working conditions. ID at 9-12. In reaching this determination, the administrative judge considered the appellant's allegations that the agency subjected her to sexual harassment, failed to select her for multiple positions, and issued her a leave restriction letter, a letter of caution, and a notice of suspension. ID at 10-11; IAF, Tab 4. The administrative judge found that there was insufficient evidence to support the appellant's claims that the most egregious circumstances occurred and that there was insufficient evidence to conclude that employees made inappropriate sexual statements within earshot. ID at 11. Furthermore, the administrative judge did not credit the appellant's testimony that her supervisors yelled at her, called her names, inappropriately monitored her, and denied her leave. ID at 11-12. Finally, the administrative judge found that, although the evidence established that the appellant had her car keyed or scratched and was subjected to statements that she found insulting, the appellant

failed to prove that a reasonable person in her position and circumstances would have felt compelled to resign. ID at 12; *see Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 15 (finding that an employee is not guaranteed a stress-free working environment, and enduring unfair criticism and unpleasant working conditions generally is not so intolerable as to compel a reasonable person to resign), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).

On review, the appellant generally asserts that the initial decision "told a different story" than her testimony, which, in her view, supports her involuntary resignation claim. PFR File, Tab 1 at 4. To the extent the appellant is challenging the administrative judge's decision to not credit her testimony, the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations "[e]ven if demeanor is not explicitly discussed"). In finding that the appellant's testimony was not credible, the administrative judge considered the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 9-12. Among other things, the administrative judge noted that the appellant's testimony was not corroborated by other witnesses, unsupported by the record evidence, and lacking in relevant details. ID at 9-12. Because the administrative judge heard live testimony in this case, her credibility determinations were at least implicitly based upon the appellant's demeanor. *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). Based on the foregoing, we find that the appellant has not shown that there are sufficiently sound reasons for overturning the administrative judge's decision to not credit her testimony.

Regarding the appellant's allegation that the administrative judge omitted important facts that came out in cross-examination, PFR File, Tab 1 at 4, she did not identify any such facts. Moreover, an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision, *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant also asserts that the administrative judge improperly described the case law regarding Title VII sexual harassment. PFR File, Tab 1 at 4-5. In the initial decision, the administrative judge stated that, even if she were to find that the alleged sexually explicit statements were made and intended in the manner in which the appellant claims, they would not rise to the level of sexual harassment under Title VII. ID at 10 (citing *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Because the Board lacks jurisdiction over this appeal, we do not consider the appellant's allegations under the Title VII standard. *See Cruz v. Department of the Navy*, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991) (en banc) (finding that, absent an otherwise appealable action, the Board lacks jurisdiction to consider allegations of discrimination and retaliation); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (stating that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982)).

Thus, we modify the initial decision to vacate the administrative judge's alternative finding that the appellant's allegations would not rise to the level of sexual harassment under Title VII. In light of the above, we discern no basis for disturbing the administrative judge's finding that the appellant failed to prove that the agency coerced her resignation.[2]

---

[2] The appellant alleges on review that she "could not afford an attorney due to involuntary resignation from retaliation for filing an equal employment opportunity [EEO] complaint." PFR File, Tab 1 at 4. To the extent the appellant is raising a claim of EEO retaliation, we find that it does not, in and of itself, establish that a reasonable person in her position would have felt compelled to resign. *See Axsom v. Department of*

Procedural issues and alleged bias

On review, the appellant asserts that she submitted exhibits below that the administrative judge did not consider. PFR File, Tab 1 at 3. She describes the exhibits as including emails concerning her leave usage, emails concerning the Top Secret clearance requirement for her new position, flight itineraries, a memorial program for a deceased family member, and pictures of her computer error network issues. PFR File, Tab 1 at 7; IAF, Tab 20 at 4.

As previously noted, in an order and notice of hearing and prehearing conference, the administrative judge stated that all exhibits were to be received on or before October 18, 2019. IAF, Tab 5 at 1-2. In her November 3, 2019 motion to submit additional exhibits, the appellant indicates that she attempted to submit a pleading containing additional exhibits on October 17, 2019, but that she had technical difficulties submitting the pleading through e-Appeal due its size. IAF, Tab 20 at 4. She asserts that the Board acknowledged receipt of her package via certified mail on October 18, 2019 but that the administrative judge did not have these exhibits at the hearing.[3] PFR File, Tab 1 at 3, 7.

The appellant appears to be alleging that the administrative judge failed to rule on her additional exhibits during the hearing and failed to rule on her November 3, 2019 motion to submit additional exhibits. PFR File, Tab 1 at 3, 7. However, the appellant has not explained how these additional exhibits are material to the dispositive jurisdictional issue. IAF, Tab 20 at 4. Therefore, her allegations in this regard provide no basis for disturbing the initial decision. *See Jezouit v. Office of Personnel Management*, 97 M.S.P.R. 48, ¶ 12 (2004) (finding that, to obtain reversal of an initial decision on the ground that the administrative

_____

*Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009). The appellant filed an EEO complaint before her resignation; thus, she had the option to pursue that complaint rather than resign. *See id*. Moreover, there is no indication that the agency handled her EEO complaint inequitably or that any challenge to an improper agency action would have been futile. *See id.*

[3] As previously noted, the administrative judge ruled on the parties' exhibits during the hearing. HCD.

judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed), *aff'd*, 121 F. App'x 865 (Fed. Cir. 2005).

The appellant contends that the administrative judge was biased against her because she did not have legal representation. PFR File, Tab 1 at 4. The Board has long held that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). The appellant has not identified any conduct by the administrative judge that would reflect antagonism or favoritism, nor has she raised any allegations that would support a finding of bias. The fact that an administrative judge ruled against the appellant is insufficient evidence to show bias. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 11 (2004). Thus, we find that the appellant has not overcome the presumption of honesty and integrity that accompanies an administrative judge.

Accordingly, we affirm the initial decision as modified herein.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.